IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAG III, § <br> MICHAEL ANTHONY GOODLOE, JR. § <br> MICHAEL ANTHONY GOODLOE, § <br> AND KIM GOODLOE, § <br>        PLAINTIFFS, § <br> § <br> § <br> V. § <br> § <br> ZAVIEUS HOGAN, § <br> TIFFANY HOGAN, AND § <br> UNKNOWN HOGAN § <br>        DEFENDANTS. § | CASE NO. 3:19-CV-848-S-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States Magistrate Judge for case management. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

On May 10, 2019, the Court issued an *Order to Replead*, ordering Plaintiffs "to submit (1) an amended complaint signed by all Plaintiffs and in compliance with Rule 8(a) [of the Federal Rules of Civil Procedure], and (2) motions to proceed *in forma pauperis* (one for each Plaintiff) on Form AO-239." Doc. 5. The Court also ordered plaintiffs Michael Anthony Goodloe, Jr., Michael Anthony Goodloe, and Kim Goodloe "to advise the Court whether they are bringing this action on their behalf and on behalf of MAG III, whether they are suing only on their own behalf, or whether they are suing only on behalf of MAG III." *Id*. The deadline

for Plaintiffs' response was June 3, 2019. However, Plaintiffs have not responded to the order, nor have they sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiffs have been given ample opportunity to respond to the Court's order by submitting for filing an amended complaint and motions to proceed in forma pauperis, as well as responding to the Court's inquiry. However, they have impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on July 8, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).